**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO OLIVAS ASMAT; MASSIMO LUCCA OLIVAS DANERI; RITA VICTORIA DANERI ROMERO; FAVIO OLIVAS DANERI, | No. 24-3470 |
| | Agency Nos. A246-778-909 A246-778-910 A246-778-911 A240-276-101 |
| Petitioners, | |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025
San Francisco, California[**]

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Hugo Olivas Asmat, his wife Rita Victoria Daneri Romero, and their sons

Favio Olivas Daneri and Massimo Lucca Olivas Daneri (collectively, "petitioners"

or "the family"), all natives and citizens of Peru, petition for review of the Board of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("the Board") dismissal of their appeal of an Immigration Judge's ("IJ") denial of asylum and withholding of removal.[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. "Because the [Board] cited *Matter of Burbano* and also provided its own analysis in this case, we review both the [Board] and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021). "We review the agency's legal conclusions de novo and review its factual findings for substantial evidence." *Id.* We deny the petition for review.

1.    The Board did not err in declining to consider new particular social groups on administrative appeal that were not raised before the IJ. *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

2.    We decline to consider a new particular social group raised for the first time in Petitioners' opening brief to us because, on review, "we consider only the grounds relied upon by [the] agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

---

[1]    Petitioners do not challenge the agency's denial of relief under the Convention Against Torture, so they have forfeited that claim. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (issues not "'specifically and distinctly' argue[d] . . . in [petitioners'] opening brief" are "forfeited").

3. Petitioners forfeited dispositive grounds for the agency's denial of relief, so their petition necessarily fails. Before the IJ, the family alleged harm on the basis of their membership in two particular social groups. The IJ found that "small business owners extorted by the Tren de Aragua" was not a cognizable particular social group. The IJ assumed that the other particular social group, "family of LGBTQ community members in Peru," was cognizable, but determined that membership in this group lacked a nexus to the family's past or future feared harm, since the gang's primary purpose was to extort money. The IJ also found that Massimo was not a member of the particular social group "family of LGBTQ community members." Petitioners' brief does not meaningfully challenge any of these findings, so petitioners forfeited any challenge to the IJ's finding of no nexus. Because nexus is a required element of both the asylum and withholding claims, the family cannot establish their eligibility for relief. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

4. Contrary to Petitioners' claims, the Board did not apply the wrong standard of review to the nexus determination. The Board cited the correct standard, stating that it reviewed factual determinations for clear error and legal determinations de novo, and did not indicate it considered the nexus legal standard to be a factual determination.

3

Further, the Board did not need to consider additional issues raised by petitioners (including "past persecution" and "Peru's inability or unwillingness to protect them"), because it denied relief on other grounds, namely the lack of nexus. *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in effect until the mandate issues. The motion for a stay of removal is otherwise denied.